KOEHLER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. STREET RAILROADS—DRIVERS OF TEAMS—RECIPROCAL RIGHTS.

　　The drivers of a team and a street car have equal rights, and, where the night is dark, and a street car is lighted up, the driver of a wagon cannot impose on a street car company the duty to exercise greater

vigilance than the law required of himself, by driving without any lights on his wagon, against recognized custom and regulations, relying on the vigilance of the street car driver.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Koehler against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Kenneson, Emley & Rubino, for respondent.

FREEDMAN, P. J. After a careful examination of the whole case, I am of the opinion that the interests of justice will be best promoted by a retrial of the issues. I therefore concur with Mr. Justice MacLEAN that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

SCOTT, J., concurs.

MacLEAN, J. The plaintiff recovered judgment for personal injuries resulting from collision on Greenwich street with a north-bound car of the defendant at the intersection of Greenwich and Dey streets, while driving easterly through the latter street. The date of this accident was on or about the 4th day of September, 1903, according to his complaint, and likewise the bill of particulars, which latter also fixed the hour at about 9:15 a. m. At the trial, permission to amend the bill by changing the hour from 9:15 a. m. to p. m. was granted. On his direct examination, the plaintiff testified that the accident happened on the 4th day of September, but, when cross-examined, he said that it was the 14th; and to the latter testified his witness, a railway postal clerk, who was riding with him at the time. Counsel for the defendant claimed surprise to the trial justice; saying that he had been unable to find an account of this accident, and that he had present witnesses to an accident that happened on the 3d day of September. The court paid no heed, according to the record, but allowed the trial to proceed; the defendant acquiescing and taking no exception.

The only question raised upon this appeal concerns the negligence of the plaintiff, who, on his direct examination, testified:

"When I came up and went on the track, I saw the car swing around from Cortlandt street to Greenwich street," and "the car was about one hundred and twenty-five feet from me when I got on the track."

On cross-examination, he said:

"I see the car when I was away from the track about six or seven feet, and when my horses walked on the track I saw the car coming up fast. Q. Did you look for the car as soon as you got to the house line of Greenwich street? A. Of course I looked for the car, and saw it coming around." And "when I was crossing the track with the wagon about four or five inches, the car was about three or four feet from me."

His companion, a railway postal clerk, on his direct examination, said:

"We were about one hundred feet away from the car when the wagon was on the track; when the horses were over the track, about one hundred feet away from the wagon; and it struck it before we could cross."

On his cross he said:

"We were walking when we came pretty close to the tracks. When this man [the plaintiff] went across the tracks, they [the horses] were walking," and "when the horses were just going on the track the car was one hundred feet away."

At the place of the accident the rights and duties of the parties were equal and reciprocal, but the conditions were quite unequal, for, as the plaintiff testified, he was familiar with the locality, and could see everywhere there, up and down, and looked for the car, and saw it coming, all lighted up; but, against both long-recognized custom and regulation, he was himself driving without headlights or any other lights on his wagon, apparently relying upon the vigilance of others. He may not claim a superior right, or impose upon the defendant a duty to exercise greater vigilance than the law required of himself. The judgment must be reversed, and a new trial ordered.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.